UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAUL RAMIREZ, | ) | CASE NO. 4:09-CV-0532 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Raul Ramirez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed this action against Warden J. T. Shartle at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton). Mr. Ramirez, who is incarcerated at F.C.I. Elkton, seeks an order vacating his sentence. For the following reasons, the petition is dismissed.

**I.     BACKGROUND**

Mr. Ramirez pleaded guilty in the District Court of Nevada to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. United States District Judge Lloyd D. George sentenced him on January 8, 2001 to serve 235 months of imprisonment.

Appealing to the Ninth Circuit Court of Appeals, petitioner argued the district court erred when it imposed a four-level leadership-role adjustment to his Guidelines calculation under U.S.S.G. § 3B1.1(a); he challenged the constitutionality of his sentence; the district court's non-compliance with Federal Rule of Criminal Procedure 32; and, finally, the legality of a Guideline sentence and whether the district court's application of an aggravating role enhancement was clear error. The Court of Appeals held that: (1) due process was satisfied by applying the preponderance of the

evidence standard of proof when evaluating evidence concerning Mr. Ramirez's role in the offense, for purposes of applying leadership role sentencing enhancement, and (2) the district court satisfied the rule requiring a sentencing court to rule on unresolved objections. *See United States v. Ramirez*, No. 01-10059, 2002 WL 460374 (9th Cir. Feb. 20, 2002).

Seeking to vacate or set aside his sentence pursuant to 28 U.S.C. § 2241, Mr. Ramirez filed a petition in the United States District Court for the District of Arizona. The district court dismissed the petition on August 22, 2003. On appeal, Mr. Ramirez argued the district court erred in failing to construe his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion and transfer it to the District of Nevada pursuant to 28 U.S.C. § 1631. Denying the appeal, the Ninth Circuit held Mr. Ramirez's § 2241 petition would not have been within the one-year statute of limitations even if he had properly filed in the Nevada District Court. *Ramirez v. Van Buren*, No. 03-16921, 2006 WL 3313178 (9th Cir. Nov. 14, 2006). Moreover, petitioner never argued in the district court or on appeal that he was entitled to equitable tolling.

## II.   ANALYSIS

Mr. Ramirez now argues he is entitled to an order vacating his sentence pursuant to § 2241 because his remedy under § 2255 is inadequate. Here, Mr. Ramirez argues inadequacty based on:

> [T]he gatekeeping provisions [that] bar a successive petitioner where I can allege actual innocence of the crime of which I was convicted, and because, at the time of my early petition I could not demonstrate that innocence, because the District Court for the District of Arizona, Tucson, denied my petition on procedural grounds. Since then, the Supreme Court has interpreted existing law in a new way, which shows I'm serving time under a [sic] invalid sentence.

(Pet. at 4.) Petitioner's innocence claim is directly linked to his argument that he was denied due process, as well as his Sixth Amendment right to notice and a jury trial on charges not set forth in

2

the indictment. As such, he alleges his sentence violated his Fifth Amendment rights because the court lacked the requisite knowledge to determine the available range of "sentencing discretion under applicable law." (Pet. at 2.) Moreover, petitioner's right to due process was allegedly abridged by misinformation in his presentence report; the court's improper shifting of the burden of proof to him on disputed sentencing issues; and, ineffective trial and appellate counsel for failing to raise "breach of the plea agreement" as an argument.

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 127 S.Ct. 2462 (2007), *Gall v. United States*, 552 U.S. 38 (2007) and *Kimbrough v. United States*, 552 U.S. 85(2007)[1] as interpretative of that holding, Mr. Ramirez maintains that any fact which increases the penalty for a crime beyond the statutory maximum must be charged in the indictment. In his case, the imposition of an aggravated role enhancement and the amount of drugs determined by the Probation Officer were both allegedly unindicted charges from which he suffered an increased penalty beyond the statutory maximum. Claiming *Apprendi* was a "change in law," petitioner maintains he is now entitled to relief under the safety valve provisions of §2241.

## III. SAFETY VALVE PROVISION - 28 U.S.C. § 2241

---

[1] *Rita, Gall*, and *Kimbrough* are of little value to petitioner's claim, in that, each involves a review of the *reasonableness* of sentences within and outside the advisory Sentencing Guidelines range. Even more remote, *Kimbrough*, involved a defendant who was sentenced to a *below*-Guidelines term of imprisonment based, in part, on the District Court of Virginia's disagreement with the Sentencing Guidelines' 100-to-1 ratio for crack cocaine versus powder cocaine sentences. After the Fourth Circuit vacated the sentence, the Supreme Court granted certiorari. The Court then held that the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory and that a district judge must include the Guidelines range in the array of factors warranting consideration, but may determine that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing.

3

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Having suffered the dismissal of a prior attempt to vacate his sentence pursuant to § 2241 in the District Court of Arizona, Mr. Ramirez is keenly aware of the necessity to challenge his sentence in the court that originally imposed his sentence.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish under the savings clause of § 2255 that his remedy is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255; *Charles*, 180 F.3d at 755-56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756.

In *Charles*, the Sixth Circuit held that the purpose for courts to invoke the savings clause was essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under AEDPA. *See id.*, 180 F.3d at 756-57. To date, the only circumstance in which the Sixth Circuit has found § 2255 to be an ineffective or inadequate is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Mr. Ramirez has not met his burden to prove that his § 2255 remedy is inadequate or

4

ineffective.  Clearly, the fact that he is otherwise procedurally or time barred does not render § 2255 inadequate within the meaning of the safety valve provision.  *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997) (because § 2255 relief has already been denied), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), *cert. denied*, 488 U.S. 982 (1988), *see also In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (because the petitioner is procedurally barred from pursuing relief under § 2255). He does not cite to an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998), *Triestman v. United States*, 124 F.3d 361, 363, 378-80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), Mr. Ramirez has had several opportunities to challenge his conviction and sentence on his asserted grounds on appeal and in his prior attempt to vacate his sentence through the safety valve provision.

Mr.  Ramirez requests the court to consider his claims in light of *Apprendi*, in which the Supreme Court held that, "any fact other than prior conviction that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id*. at 490.  The *Apprendi* rule is not retroactive to cases on collateral review. *In re Clemmons*, 259 F.3d 489, 493 (6th Cir.2001) (§ 2255 motion); *Perkins v. Thoms*, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24, 2001) (§ 2241 petition). Moreover, the ruling in *Apprendi* may not serve as the basis for an actual- innocence claim in an attempt to fit within the savings clause of § 2255. *Bannerman*, 325 F.3d at 723-24.

For the reasons set forth, Mr. Ramirez's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Charles*, 180 F.3d at 758.

**IV.    CONCLUSION**

Based on the above reasons, the petition is dismissed pursuant to 28 U.S.C. 2243.  Further, the court certifies that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


       s/Ann Aldrich
       ANN ALDRICH
       UNITED STATES DISTRICT JUDGE

       **Date:** August 11, 2009

---

[2]   28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith."